UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NORMAN SMITH,

                              Petitioner,

v.

RENEE BAKER, *et al.*,

                              Respondents.

Case No. 3:18-cv-00082-MMD-WGC

ORDER

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). The Court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will serve the petition upon respondents for a response.

Petitioner has filed a motion for appointment of counsel.[1] Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the Court finds that appointment of counsel is not warranted.

Petitioner has filed an application to proceed *in forma pauperis* (ECF No. 2). The application is moot because petitioner has paid the filing fee.

_____

[1]The motion for appointment of counsel currently is in the middle of the petition, (ECF No. 1, at 4-6.)

It is therefore ordered that the Clerk of the Court file the motion for appointment of counsel, which currently is pages 4-6 of ECF No. 1.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 2) is denied as moot.

It is further ordered that the Clerk add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk electronically serve upon respondents a copy of the petition and this order. In addition, the Clerk must return to petitioner a copy of the petition (ECF No. 1).

It is further ordered that respondents will have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then petitioner will have fourteen (14) days to file a response to the motion, and respondents will have seven (7) days from the date of filing of the response to file a reply.

It is further ordered that, notwithstanding Local Rule LR IC 2-2(g) paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 20th day of June 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2